FILED
United States Court of Appeals
Tenth Circuit

April 14, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GEORGE MATTHEW GRIEBEL,

      Defendant - Appellant.

No. 06-8054
(D.C. No. 05-CR-133-D)
(District of Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY,** Chief Judge**, HOLLOWAY** and **GORSUCH**, Circuit Judges.

---

This is a direct criminal appeal challenging only the convictions. This court has jurisdiction under 28 U.S.C. § 1291.

**I**

Defendant-appellant George Matthew Griebel was among 21 persons named in a thirty-two count superseding indictment filed July 13, 2005, in the federal district court, alleging violations of the controlled substances and firearms laws. Griebel was named in three of the counts. In Count One, Griebel and all 20 of the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P.32.1 and 10th Cir. R. 32.1.

co-defendants were charged with conspiracy to possess with intent to distribute and conspiracy to distribute 500 grams or more of a mixture containing methamphetamine.[1] In a section of the superseding indictment detailing allegations of overt acts done in furtherance of the alleged conspiracy, the grand jury alleged that from January 2003 to December 2003, Griebel obtained "pound quantities" of methamphetamine from one of the other defendants and other persons and that during this same time he distributed methamphetamine to persons "both known and unknown to the grand jury." Count Thirty-one charged that, from February 20, 2004 through May 27, 2005, Griebel unlawfully and intentionally used firearms during and in relation to a federal drug trafficking crime, *i.e.*, the conspiracy alleged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A). Count Thirty-two alleged that from January 2003, through March 2004, Griebel carried firearms during and in relation to a federal drug trafficking crime, also in violation of 18 U.S.C. § 924(c)(1)(A).

Griebel was convicted on all three counts after a jury trial and was ultimately sentenced to 245 months' imprisonment on the drug conspiracy conviction, with an additional 60 months' imprisonment on the weapons charge to be served consecutively, for a total of 305 months.[2]

---

[1]Count One also charged all defendants with conspiring to possess marijuana with intent to distribute it.

[2]The government eventually dismissed Count Thirty-one of the indictment
(continued...)

Neither side offers a summary of the trial evidence in its brief. We also conclude that such a summary is unnecessary to consideration of the issues raised. We note only that Griebel does not dispute the sufficiency of the government's evidence at trial to support the convictions.

The focus of Griebel's arguments on appeal is on the pretrial discovery provided by the prosecution, or more accurately on the limits thereof. Accordingly, a brief overview of the trial court's handling of discovery will provide the context for our analysis.

When the first of Griebel's co-defendants was arraigned, several months before Griebel was,[3] the court issued a discovery order to govern pretrial proceedings in the case. The order was applicable to all of the named defendants in the case. The order directed that discovery was to proceed in accordance with Fed. R. Crim. P. 16. The order also noted the government's expressed willingness, "in its discretion," to make immediately available to defense counsel

_____

[2](...continued)
after the trial court had determined that the convictions on both weapons counts could not stand under the circumstances of the case. *See* VIII R. at 34-45 (transcript of hearing at which the trial judge cited, *inter alia*, *United States v. Morris*, 247 F.3d 1080, 1084 (10th Cir. 2001)). No issue has been raised on appeal regarding that decision of the district court, and we accordingly express no opinion on whether dismissal of Count Thirty-one was required.

[3]Griebel was arraigned on October 31, 2005, more than three months after the superseding indictment was returned.

all material subject to the Jencks Act, 18 U.S.C. § 3500.[4]  The district judge made it clear, however, that he was not ordering the government to go beyond the obligations created by Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks Act.

On the same day that defendant Griebel was arraigned, his counsel filed a discovery motion, a motion which presaged the positions taken in this appeal.  In the motion, Griebel's counsel sought, in addition to all exculpatory material covered by *Brady* and all material covered by Rule 16, "all statements and tape recordings" in the case, all evidence possessed by the prosecution, copies of all exhibits to be used at trial, and the names and addresses of all government witnesses, all of which Griebel asked the court to order the government to produce not later than thirty days before trial.  (I R. doc. 419.)

Other motions were filed and hearings were held on them, but the pattern established in the beginning did not change:  Griebel's lawyer consistently demanded much more disclosure from the government than the law requires – while failing to support his demands with any legal authority – and direly warned that he would be unable to render effective assistance to his client if his demands were not met.  The trial judge finally advised counsel this way:

---

[4] The Jencks Act requires the government to produce *at trial, after a witness has testified*, any previous statements given by that witness.  Thus, the government in this case offered to be much more accommodating to defense counsel than was required of it.

> These are the rules. I don't make them up. I know you don't like them, Mr. Goody, but run for Congress. I mean, basically I'm just going to have to apply these rules, and I know of no basis within the Tenth Circuit precedent or Supreme Court precedent certainly that would contemplate that this material would be disgorged, and I think frankly I would be abusing my discretion to do so.

V R. at 33.

Finally, we note that at this last hearing the prosecutor expressed concern that two investigators for Griebel's attorney had intimidated two witnesses, a concern which re-enforced his reluctance to disclose more than he already had (which was more than he was required to disclose) about the government's witnesses. The defense offered a completely different version of the investigators' encounter with the two witnesses. But in a later sentencing hearing, the government offered testimony that one of defendant's investigators had been charged with "witness tampering" in federal court and eventually pleaded guilty, the charge having been based on her efforts in this case. VII R. at 37-38.

## II

On appeal, Griebel asserts violation of several constitutional rights – the right to due process of law, the right to confront the witnesses against him, and the right to effective assistance of counsel. Griebel contends that these constitutional violations followed from the prosecution's withholding of pretrial discovery. Griebel's arguments are vastly overblown, relying on broad

allegations augmented by copious amounts of bombast. The arguments are not, however, supported by any reference to specific evidence that should have been disclosed nor any demonstration of how those disclosures would have been so vital to the defense that in their absence the proceedings failed to meet the standard of due process. Nor is this entreaty for a dramatic expansion of the government's discovery obligations – obligations that as the district court noted are defined by Rule 16, *Brady*, *Giglio* and the Jencks Act – supported by any legal authority. Because the arguments do not illuminate any specific violation of any right, we find them unpersuasive and reject them.

The centerpiece of Griebel's argument is that the government violated his due process rights by failing to disclose prior to trial information that would have been exculpatory or would have aided his defense by providing grounds for impeachment of prosecution witnesses. Thus the argument focuses on the prosecution's duties under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. We review a due process claim based on *Brady* under the de novo standard. *United States v. DeLuna*, 10 F.3d 1529, 1534 (10th Cir. 1993).

To establish a *Brady* violation, Griebel must show that: "(1) the prosecution suppressed the evidence; (2) the evidence would have been favorable to [him]; and (3) the suppressed evidence is material." *Id.* (quoting *United States v. Wolf*, 839 F.2d 1387, 1391 (10th Cir. 1988)). Evidence is material in this analysis "only if there is a reasonable probability that, had the evidence been

disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

Griebel fails to establish the first of the three elements and so simply defaults as to the other two. He has failed to show that the prosecution suppressed any evidence that would have been exculpatory or of impeachment value. His broad assertions are not supported by any facts of record.

As an illustration of the lack of support for the sweeping contentions of deprivation of constitutional rights, we note that Griebel's brief, after alleging that the government's investigative files consisted of over 6000 pages, states as a bald conclusion: "It stands to reason that these materials contain a great deal of exculpatory evidence that was never revealed to appellant." Opening Br. at 15. This is no substitute for *showing* that exculpatory evidence was suppressed in violation of *Brady*.

The brief then goes on to say that the statement of witnesses which were produced as required by the Jencks Act "contained a substantial amount of exculpatory materials." Griebel does not allege a violation of the Jencks Act per se. Rather, he alleges that the statements of witnesses produced in compliance with the Jencks Act included portions that should have been produced earlier because they were exculpatory as to him and so subject to *Brady*. Apparently it remains an open question in our circuit whether, as Griebel argues, a statement

-7-

otherwise covered by the Jencks Act's requirement of production at trial is required to be produced earlier when the statement includes *Brady* material. *See United States v. Lujan*, 530 F. Supp. 2d 1224, 1255-56 (D.N.M. 2008) (noting that the question is unresolved in this circuit and there is a conflict among other circuits as the required timing of disclosure of such evidence); *United States v. McVeigh*, 923 F. Supp. 1310, 1315 (D.Colo. 1996) (same).

We need not address this issue of apparent first impression here. Griebel does not offer a single example of a witness's statement that might have been used more effectively had it been produced sooner. Apparently we are expected to conclude that it "stands to reason" that defense of the case was unfairly hobbled. We are simply invited to speculate that the prosecution violated *Brady*. Even if we were willing to do that, however, we would still be unable to complete the proper analysis unless we were to also assume, as Griebel suggests, that the suppressed evidence was material and that prejudice resulted. We are not willing, nor are we obligated, to forgive Griebel's failure to support his assertions by simply indulging his request to assume away all three elements of our established test for evaluation of *Brady* claims.

In short, Griebel falls short at the first step of the analysis of his *Brady* claim: He has not shown that the government suppressed evidence that should have been disclosed. We have often reminded counsel that it is not the function of the court to comb the record in search of support for their arguments. "Judges are

not like pigs, hunting for truffles buried in briefs." *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Because the same unsupported allegation that the government withheld evidence is the cornerstone for Griebel's allegation that his right to confront witnesses was infringed, and because Griebel does not support the allegation with any reasoned argument or applicable legal authority, further analysis on this point is unnecessary. As to the allegation that Griebel was denied the effective assistance of counsel, in keeping with our general rule we will decline to address that matter on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc).

The judgment of the district court is therefore **AFFIRMED**.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge